UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLOBAL ENVIRONMENTAL
ENGINEERING, INC.,

    Plaintiff,

Case No. 17-cv-10716
Hon. Matthew F. Leitman

v.

JACK HARDY SPATES,

    Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S
## MOTION TO EXTEND SUMMONS (ECF #3)

On March 7, 2017, Plaintiff Global Environmental Engineering, Inc., a Michigan corporation, filed a Complaint against Defendant Jack Hardy Spates, a resident of the State of Texas. (*See* ECF #1.) In the Complaint, Global "seeks recovery of the balance due" on a promissory note that the parties executed on December 5, 2015. (*Id.* at ¶¶ 7, 10, ECF #1 at Pg. ID 2-3.)

Global attempted to serve Spates with the Complaint by certified mail at his last known address, but the postal service returned the Complaint to Global as undeliverable because the address was "vacant." (Motion to Extend Summons at ¶2, ECF #3 at Pg. ID 22; *see also* ECF #3-1.) Global's attempts to contact Spates and/or find alternative addresses for him have not been successful. (Mot. to Extend Summons at ¶¶ 3-4, ECF #3 at Pg. ID 22.)

1

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Summons in this action is set to expire on June 6, 2017. (*See id.* at ¶5, ECF #3 at Pg. ID 22.) Global has therefore filed a motion in which it requests that the Court extend the Summons for an additional ninety (90) days so that it may "locate and serve" Spates with the Complaint. (*Id.* at ¶6, ECF #3 at Pg. ID 22.)

Global's request for an extension is governed by Rule 4(m). In relevant part, that rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff's shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. Rule. Civ. Proc. 4(m). "Under this Rule, a court may exercise its discretion to extend the time for service without any showing of good cause. However, if the plaintiff does show good cause for failure to effect timely service, the court *must* extend the time." *Vargas v. City of Novi*, 2015 WL 3620407, at *2 (E.D. Mich. June 9, 2015) (emphasis in original) (citing *In re Lopez,* 292 B.R. 570, 574 (E.D. Mich. 2003)). "In other words, the court has discretion to permit late service even absent a showing of good cause." *Stewart v. Tennessee Valley Authority*, 2000 WL 1785749, at *1 (6th Cir. 2000) (citing *Henderson v. United States*, 517 U.S. 654 (1996)).

This Court has identified five factors that guide its discretion when it determines whether to extend the time for service:

> whether: (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*Slenzka v. Landstar Ranger, Inc.,* 204 F.R.D. 322, 326 (E.D. Mich. 2001). In this action, several of these factors weigh in favor of extending the time for service.

The requested extension is for only a modest time period. The prejudice to Spates will not be substantial because a 90-day extension is unlikely to materially impair his ability to defend against Global's claims. Global's counsel has made a good-faith effort to serve the Complaint, but she has not yet been able to do so. Finally, no factor weighs heavily in favor of dismissing the Complaint at this stage. Accordingly, the Court exercises its discretion to extend for 90 days (until September 4, 2017) the time for serving the Summons and Complaint on Spates.

Therefore, for the reasons stated above, Global's Motion to Extend Summons (ECF #3) is **GRANTED**. Global shall serve Spates with the Summons, Complaint, and a copy of this Order, by not later than September 4, 2017.

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>MATTHEW F. LEITMAN<br>UNITED STATES DISTRICT JUDGE

Dated: May 31, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 31, 2017, by electronic means and/or ordinary mail.

                                       s/Holly A. Monda
                                       Case Manager
                                       (313) 234-5113